Filed 12/29/25  P. v. Waddle CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>JEREMY DEAN WADDLE,<br><br>        Defendant and Appellant. | C102224<br><br>(Super. Ct. No. CRF97-0009429) |

Defendant Jeremy Dean Waddle appeals the trial court's resentencing order, arguing prejudicial error occurred because he was not present at the resentencing hearing and did not waive his constitutional right to be present.  The People agree defendant's absence was error but claim it was harmless.  We reverse and remand the matter with directions to hold a new hearing with defendant present or to obtain a valid waiver.

FACTUAL AND PROCEDURAL BACKGROUND

On April 1, 1999, defendant pled guilty to second degree murder and admitted a deadly weapon enhancement.  Defendant was consequently sentenced to an indeterminate

1

sentence of 16 years to life. On December 26, 2023, defendant filed a petition for resentencing pursuant to Penal Code[1] section 1172.6.[2] The trial court ordered an evidentiary hearing.

The trial court held the evidentiary hearing on October 3, 2024. The court previously granted defendant's request to remotely appear at the hearing, but defendant was absent from the hearing. The minute order for the hearing states defense counsel informed the court defendant waived appearance, but no such waiver was stated on the record.

At the hearing, the trial court relied exclusively on the original police and forensic reports. The court found from these reports that on the night of the homicide, defendant went to a gas station with Troy Lyons. While defendant remained outside the gas station, Lyons went inside to get change to use a pay phone. The clerk made a joke, offering three quarters for a dollar to Lyons before giving him the change. Lyons then returned to defendant, who was on the pay phone. Defendant wanted to confront the clerk about disrespecting Lyons but Lyons talked him out of it, and they drove around for a couple of hours.

Relying on the reports, the trial court also found that the two men eventually returned to the gas station. They entered the store, grabbed a couple of items, and approached the counter. When the clerk opened the register, defendant produced a knife from under his shirt and stabbed the clerk in the right side of his neck, killing the clerk. Defendant then jumped on the counter and took money out of the register while Lyons

---

[1]    Further undesignated section references are to the Penal Code.

[2]    Effective June 30, 2022, former section 1170.95 was recodified without substantive change to section 1172.6. (Stats. 2022, ch. 58, § 10.) Defendant filed his petition under former section 1170.95, but we refer to the current section 1172.6 throughout this opinion.

fled the store. Defendant then found Lyons and they drove to defendant's girlfriend's house. In the car, defendant warned Lyons about informing anyone about what had happened and offered to split the money.

Lyons later informed the police about what happened and directed them to the storm drain where the murder weapon was hidden. Additionally, police questioned defendant's girlfriend who said defendant called her after getting arrested and told her to tell Lyons to get rid of what was in the storm drain. Defendant's girlfriend also said defendant admitted to her, after he initially got out of jail, that he killed the clerk.

The trial court found that defendant, when he was questioned by law enforcement officers, gave a statement that substantially differed from the statements Lyons and defendant's girlfriend had given to the police. Defendant's account of the events heavily implicated Lyons as the catalyst for the robbery and stated that Lyons was the actual killer. The court then noted that defendant's story changed during the investigation itself, eventually admitting that he was at the scene with Lyons but still maintaining Lyons was the actual killer.

After hearing argument from the prosecution and defendant's counsel, in which defense counsel highlighted conflicting evidence, such as the only palm print recovered from the scene of the crime belonged to Lyons, the trial court found defendant to be the actual killer beyond a reasonable doubt and denied his petition.

Defendant appeals.

DISCUSSION

Section 1172.6 permits resentencing for a person convicted of murder, attempted murder, or manslaughter "under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime." (§ 1172.6, subd. (a).) If a prima facie case for relief is made, the statute requires an evidentiary hearing where "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner" is guilty under the

3

revised law. (§ 1172.6, subds. (c), (d)(3).) At this hearing, the court "may consider evidence previously admitted at any prior hearing," and the "prosecutor and the petitioner may . . . offer new or additional evidence." (§ 1172.6, subd. (d)(3).)

" ' "A defendant has the constitutional right to be personally present in court 'where necessary to protect the defendant's opportunity for effective cross-examination, or to allow [the defendant] to participate at a critical stage and enhance the fairness of the proceeding.' " ' " (*People v. Quan* (2023) 96 Cal.App.5th 524, 532 (*Quan*).) This "right is guaranteed by the Sixth and Fourteenth Amendments to the federal Constitution, as well as article 1, section 15 of the California Constitution." (*People v. Basler* (2022) 80 Cal.App.5th 46, 57 (*Basler*).) Because a section 1172.6 hearing allows the court to potentially vacate a murder sentence through the admission of new evidence or by reweighing prior evidence, it is a "critical stage" and, as such, requires either a defendant's presence or a valid waiver. (*People v. Jackson* (2025) 110 Cal.App.5th 128, 150-151 (*Jackson*); see *Quan*, at pp. 532-533 [finding a § 1172.6 hearing is a critical stage]; *Basler*, at p. 58 [same].)

A defendant's right to be present serves "twin purposes," to potentially offer testimony and to assist counsel. (*Quan*, *supra*, 96 Cal.App.5th at p. 536.) Indeed, "[t]he entire purpose of the section [1172.6] resentencing hearing [is] for the court to consider whether to vacate [a defendant's] conviction and recall [the defendant's] sentence, including by reviewing the record and taking new evidence, if offered, on the issue of [the defendant's] actions and mens rea on the night in question. The question may well turn on disputed issues of fact 'about which [the defendant]—as a participant in the events in question—may well have . . . something to say." (*Basler*, *supra*, 80 Cal.App.5th at p. 59.) However, a defendant's potential testimony is not dispositive in and of itself, as the defendant's presence is also critical to assist his, her, or their counsel, because the defendant may have knowledge that is exclusive to him, her, or them. (*Quan*, at p. 536; see also *Basler*, at p. 59.)

4

Defendant contends, and the People concede, that his absence from the hearing was error. We agree. The transcript of the hearing makes clear that defendant was not present. The minute order asserts defendant waived his presence, but this conflicts with the transcript of the hearing and " 'we presume the reporter's transcript is . . . more accurate.' " (*Garner v. BNSF Railway Co.* (2024) 98 Cal.App.5th 660, 668.) And again, the People do not contend there was a valid waiver of defendant's presence. As such, the only question that we must decide is if this error was harmless.

Because a defendant's absence from a critical stage in criminal proceedings is constitutional error, to be harmless it must be found beyond a reasonable doubt defendant's absence did not affect the outcome of the proceeding. (*Chapman v. California* (1967) 386 U.S. 18, 24; see also *People v. Nieves* (2021) 11 Cal.5th 404, 461; *People v. Mendoza* (2016) 62 Cal.4th 856, 902.) We conclude the error was not harmless.

Both defendant and the People rely on three cases: *Basler*, *Quan*, and *Jackson*. All three cases address felony-murder convictions at a section 1172.6 hearing, and all three reversed and remanded because the reviewing court could not find the defendant's absence from the section 1172.6 hearing was harmless beyond a reasonable doubt. (*Basler*, *supra*, 80 Cal.App.5th at pp. 51, 60, 62; *Quan*, *supra*, 96 Cal.App.5th at p. 537; *Jackson*, *supra*, 110 Cal.App.5th at pp. 136, 153-154.) The People cite no case concluding a defendant's absence at a section 1172.6 hearing to be harmless, and our review of the case law likewise reveals no such case.

In *Basler*, the defendant was absent from his section 1172.6 hearing and had not provided a waiver. (*Basler*, *supra*, 80 Cal.App.5th at p. 59.) Remand was necessary because the entire purpose of such hearings is to consider whether to vacate a conviction and recall a sentence, "including by reviewing the record and taking new evidence, if offered, on the issue of [the defendant's] actions and mens rea on the night in question." (*Ibid*.) The court found that such an inquiry "may well turn on disputed issues of fact,

5

'about which [the defendant] . . . may well have had something to say.' " (*Ibid.*) Consequently, it would be speculative to say that the defendant's absence was harmless beyond a reasonable doubt. (*Ibid.*)

*Quan* dealt with a defendant who was convicted of three counts of first degree murder under a felony-murder theory. (*Quan*, *supra*, 96 Cal.App.5th at p. 526.) The defendant was also absent from his section 1172.6 evidentiary hearing. (*Quan*, at p. 530.) The court found that it could not conclude the defendant's absence was harmless beyond a reasonable doubt because the nature of felony murder requires both objective and subjective evidence on whether the defendant possessed the requisite mens rea. (*Id.* at p. 536.) Thus, "[h]ad he been present, [the defendant] could have addressed what he knew of his confederates' willingness to kill in furtherance of their objectives," or to the other components of the crime that were highly relevant to making the determination that he possessed the requisite mens rea to support a current felony-murder standard. (*Id.* at pp. 536-537.)

Finally, in *Jackson*, using the rationale laid out in *Basler* and *Quan*, the court found the defendant's absence from a section 1172.6 hearing required remand. (*Jackson*, *supra*, 110 Cal.App.5th at pp. 153-154.) The defendant had also been convicted approximately 30 years before the evidentiary hearing (*id.* at pp. 138-139), and the court noted the defendant's presence at the hearing was critical due to the difficulties of reanalyzing "trial records that are often decades old" without the benefit of the defendant's presence (*id.* at pp. 152-154).

Defendant's case here hinges on whether the evidence demonstrates beyond a reasonable doubt that he was the actual killer, not necessarily his mens rea as the cases above analyzed. (*Basler*, *supra*, 80 Cal.App.5th at p. 59; *Quan*, *supra*, 96 Cal.App.5th at p. 536.) But these cases still establish a defendant could provide critical support in evaluating his, her, or their culpability in the murder, especially when the case is determined by the credibility of the parties involved. Contrary to the People's assertion,

6

we cannot simply conclude defendant's credibility was permanently "devastated" because his story changed between statements. There is nothing in the record to establish—beyond a reasonable doubt—that defendant would not have provided some insight, either through his testimony or his ability to assist counsel, on what happened the night of the murder.

Further, there is conflicting evidence in the police and forensic reports, which served as the factual record below. For example, according to the forensics report, the only palm print found on the counter belonged to Lyons. Defendant's presence could provide further context to this evidence if defendant was present and testified, and would have been highly relevant to the trial court's credibility analysis. Thus, this case, like *Basler*, turns "on disputed issues of fact" about which defendant " 'may well have had something to say.' " (*Basler*, *supra*, 80 Cal.App.5th at p. 59.)

Finally, the People argue defendant's admission to his sentence enhancement of personally using a knife under section 12022, subdivision (b) in the commission of the offense conclusively shows that he was the actual killer and, as such, his absence was harmless beyond a reasonable doubt. However, such a personal use finding does not "itself prove defendant was the actual killer." (*People v. Jones* (2003) 30 Cal.4th 1084, 1120.)

In short, we cannot conclude defendant's absence from the section 1172.6 evidentiary hearing was harmless beyond a reasonable doubt.[3]

---

[3] Because we are reversing and remanding, we do not address defendant's second argument the trial court erred in relying on the police reports. Defendant may raise that objection in the trial court on remand.

## DISPOSITION

The order denying defendant's section 1172.6 petition is reversed and the matter is remanded to conduct a new evidentiary hearing with defendant's presence or with a valid waiver.

/s/
ROBIE, J.

We concur:

/s/
HULL, Acting P. J.

/s/
FEINBERG, J.

8